UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MICHELLE LEE,

                      Plaintiff,

      -against-

NEW YORK CITY FIRE DEPARTMENT and
CITY OF NEW YORK,

                    Defendants.
------------------------------------------------------------ x

**ORDER**

24 Civ. 4772 (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

      Before the Court is motion of Defendants New York City Fire Department (the "FDNY") and City of New York (the "City" and, together with the FDNY, "Defendants") to dismiss the complaint filed by Plaintiff Michelle Lee ("Plaintiff"), see generally ECF Nos. 16-18, which asserts the following claims in relation to the termination of Plaintiff's employment with the FDNY: (1) violation of the Free Exercise Clause of the First Amendment to the United States Constitution, U.S. Const. amend. I (the "Free Exercise Clause"); (2) violation of the Establishment Clause of the First Amendment to the United States Constitution, U.S. Const. amend. I (the "Establishment Clause"); (3) failure to accommodate in violation of the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq. (the "NYCHRL"); (4) failure to accommodate in violation of the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq.; and (5) failure to engage in a cooperative dialogue in violation of the NYCHRL.  Plaintiff

1

opposed the motion. See generally ECF Nos. 25-25-11. Defendants replied. For the reasons stated herein, Defendants' motion is denied in part and granted in part.[1,2]

## I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6)[3] permits a party to assert the defense of failure to state a claim upon which relief can be granted by motion. Courts addressing motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) must "accept[] all factual allegations as true and draw[] all reasonable inferences in favor of the" plaintiff. New England Carpenters Guaranteed Annuity & Pension Funds v. DeCarlo, 122 F.4th 28, 39 (2d Cir. 2023) (citation omitted). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sierra Club v. Con-Strux, LLC, 911 F.3d 85, 88 (2d Cir. 2018) (citation & quotations omitted). Nonetheless, courts "are not required to accept as true allegations that are wholly conclusory," Walker v. Senecal, 130 F.4th 291, 297 (2d Cir. 2025) (citation & quotations omitted), such that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Singh v. Deloitte LLP, 123 F.4th 88, 93 (2d Cir. 2024) (citation & quotations omitted).

---

[1] Plaintiff has not opposed Defendants' motion to dismiss the FDNY, as a non-suable entity, and to dismiss any claim for punitive damages, see generally ECF No. 25; see ECF No. 26 at 14, and Defendants' motion is granted in that regard. Defendants' other requests for relief are denied.

[2] The Clerk of Court is requested to terminate the New York City Fire Department as a Defendant and amend the caption to read "Michelle Lee v. City of New York."

[3] In their moving papers, Defendants moved to dismiss based on res judicata pursuant to Federal Rule of Civil Procedure 12(b)(1). See ECF No. 18 at 14-17. Defendants subsequently withdrew this aspect of their motion in their reply. See ECF No. 26 at 5 n.2.

## II.      DISCUSSION

The Court assumes the parties' familiarity with the factual allegations in Plaintiff's complaint.  See generally ECF No. 1.  The Court discusses each of Plaintiff's claims in turn and, for the reasons discussed below, denies Defendants' motion as to each of the claims.

### A.      Free Exercise Clause And Establishment Clause Claims[4]

For the reasons discussed below, Defendants' motion as to the Free Exercise Clause and Establishment Clause claims is denied.

The Free Exercise Clause provides that "Congress shall make no law . . . prohibiting the free exercise" of religion, which "guarantee is incorporated against the states via the Fourteenth Amendment." New Yorkers for Religious Liberty, Inc. v. City of New York, 125 F.4th 319, 330 (2d Cir. 2025) (citations & quotations omitted).  The Free Exercise Clause protects, "first and foremost, the right to believe and profess whatever religious doctrine one desires" and "thus protects an individual's private right to a religious belief, as well as the performance of (or abstention from) physical acts that constitute the free exercise of religion." Id. (citations & quotations omitted).  The Establishment Clause provides that "Congress shall make no law respecting an establishment of religion," which "guarantee is incorporated against the states via the Fourteenth Amendment." Id. (citations & quotations omitted).  It "prevents the enactment of laws that have the purpose or effect of advancing or inhibiting religion," including "[l]aws that grant[] a denominational preference by preferring one religion over another." Id. (citations & quotations omitted).  The Second Circuit has determined that a plaintiff who pleads that her reasonable accommodation request was denied because it "reflected her purely personal religious

---

[4] Plaintiff clarified in her memorandum of law that she is not making a facial challenge to the City's COVID-19 vaccination requirement for employees.  See ECF No. 25 at 24.

3

practices," as opposed to those "for recognized and established religious organizations, . . . could present a First Amendment problem" pursuant to the Free Exercise Clause and the Establishment Clause. Id. at 334 (denying the motion to dismiss on that basis (citation & quotations omitted)).

Defendants' motion is denied as to the Free Exercise Clause and Establishment Clause claims. Assuming arguendo that rational basis review applies to Plaintiff's claims, see id. at 333 (applying rational basis review to the motion to dismiss the plaintiffs' as-applied First Amendment challenges "because [the p]laintiffs have not established, at this stage, that they are likely to succeed in showing that the Vaccine Mandate [wa]s not neutral or generally applicable on its face" (citation & quotations omitted)),[5] Plaintiff has sufficiently alleged violations of the Free Exercise Clause and the Establishment Clause. Plaintiff's allegations fit squarely within the framework of those claims that that survived a motion to dismiss in New Yorkers for Religious Liberty, namely that religious accommodations were only provided "for applicants who were members of religion that . . . [Defendants] deemed recognized and established religious organizations" and that Defendants adopted a "policy to reject applicants' religious beliefs if they were personal and not shared by other members of the applicant's religious sect." ECF No. 1 ¶¶ 74-75. Accordingly, Defendants' motion is denied.

### B. NYCHRL And NYSHRL Claims For Failure To Accommodate

For the reasons discussed below, Defendants' motion as to the NYCHRL and NYSHRL claims for failure to accommodate is denied.

The NYSHRL provides that

> [i]t shall be an unlawful discriminatory practice for any employer, or an employee or agent thereof, to impose upon a person as a condition of obtaining or retaining

---

[5] Given that the Court is denying Defendants' motion as to the Free Exercise Clause and Establishment Clause claims on this basis, the Court need not resolve, on this motion, whether strict scrutiny applies to these claims pursuant to Kane v. DeBlasio, 19 F.4th 152 (2d Cir. 2019).

4

> employment, including opportunities for promotion, advancement or transfers, any terms or conditions that would require such person to violate or forego a sincerely held practice of his or her religion, including but not limited to the observance of any particular day or days or any portion thereof as a sabbath or other holy day in accordance with the requirements of his or her religion or the wearing of any attire, clothing, or facial hair in accordance with the requirements of his or her religion, unless, after engaging in a bona fide effort, the employer demonstrates that it is unable to reasonably accommodate the employee's or prospective employee's sincerely held religious observance or practice without undue hardship on the conduct of the employer's business.

N.Y. Exec. L. § 296(10)(a). An "undue hardship" is "an accommodation requiring significant expense or difficulty (including a significant interference with the safe or efficient operation of the workplace or a violation of a bona fide seniority system)." N.Y. Exec. L. § 296(10)(d)(1).

The NYCHRL similarly provides that

> [i]t shall be an unlawful discriminatory practice for an employer or an employee or agent thereof to impose upon a person as a condition of obtaining or retaining employment any terms or conditions, compliance with which would require such person to violate, or forego a practice of, such person's creed or religion, including but not limited to the observance of any particular day or days or any portion thereof as a sabbath or holy day or the observance of any religious custom or usage, and the employer shall make reasonable accommodation to the religious needs of such person.

N.Y.C. Admin. Code § 8-107(3)(a). A "reasonable accommodation" is an "accommodation to an employee's or prospective employee's religious observance or practice as shall not cause undue hardship in the conduct of the employer's business," as to which "[t]he employer shall have the burden of proof." N.Y.C. Admin. Code § 8-107(3)(b). An "undue hardship" is defined as "an accommodation requiring significant expense or difficulty (including a significant interference with the safe or efficient operation of the workplace or violation of a bona fide seniority system." Id.

As "the NYCHRL [is] construed more liberally than state . . . law and broadly in favor of discrimination plaintiffs," Algarin v. NYC Health + Hosp. Corp., 678 F. Supp. 3d 497, 513

5

(S.D.N.Y. 2023) (citations & quotations omitted), aff'd, No. 23 Civ. 1063, 2024 WL 1107481 (2d Cir. Mar. 14, 2024),[6] if a plaintiff states a claim pursuant to the NYSHRL, the plaintiff also states a claim pursuant to the NYCHRL.  In order to state a claim pursuant to the NYSHRL for religious discrimination for failure to accommodate, a plaintiff must plead "that (1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employer of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." Salamoon v. Richmond Univ. Med. Ctr., 211 N.Y.S.3d 748, 755 (Sup. Ct. Richmond Cnty. 2024) (quoting Knight v. Conn. Dep't of Pub. Health, 275 F.3d 156, 167 (2d Cir. 2001), and citing Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006)).

If the plaintiff sufficiently pleads the foregoing elements, the next step in the analysis is determination of whether "a requested accommodation would pose an undue burden on an employer," which "is an affirmative defense." Chinchilla v. N.Y. City Police Dep't, No. 23 Civ. 8986 (DEH), 2024 WL 3400526, at *10 (S.D.N.Y. July 12, 2024) (citing the NYSHRL and the NYCHRL).  Because "[t]he pleading requirements in the Federal Rules of Civil Procedure . . do not compel a litigant to anticipate potential affirmative defenses, . . . and to affirmatively plead facts in avoidance of such defenses," and as "a motion to dismiss based on an affirmative defense is permissible where the facts necessary to establish the defense are evident on the face of he complaint," dismissal of a complaint based on undue hardship is only permissible where the facts establishing the defense are evident on the fact of the complaint.  Id. (citations & quotations omitted); see, e.g., Salamoon, 211 N.Y.S.3d at 760 (reasoning that "Plaintiff's

---

[6] The Court notes that "[t]he New York State Legislature passed several amendments to the NYSHRL in June 2019, the effect of which is to render the standard for claims closer to the standard of the NYCHRL." Livingston v City of New York, 563 F. Supp. 3d 201, 232 n.14 (S.D.N.Y. 2021) (citation omitted).

6

NYSHRL claim cannot succeed under the facts alleged in the complaint," as "[t]he only means by which Defendant could provide the religious accommodation requested by Plaintiff would require the violation of a binding state regulation, which would cause Defendant to suffer an undue hardship as a matter of law").

Defendants' motion as to these state law and city law claims, which is solely based on the contention that accommodating Plaintiff would have caused an undue hardship, ECF No. 18 at 25-28; ECF No. 26 at 9-13, is unconvincing and is denied. At this juncture, determination of whether accommodating Plaintiff would have been an undue hardship for Defendants is premature, as the Court cannot make such a determination in Defendants' favor based on the face of the complaint. To the contrary, Plaintiff alleges that she was a "Chief Administrative Aide" and "performed solely administrative duties, with no direct involvement in frontline emergency response," such that she could "perform her job duties remotely" or from "a private office within her office building." ECF No. 1 ¶¶ 1, 5. Accordingly, Defendants' motion to dismiss the NYCHRL and NYSHRL claims for failure to accommodate is denied.

### C.   NYCHRL Claim for Failure to Engage in a Cooperative Dialogue

For the reasons discussed below, Defendants' motion as to the NYCHRL claim for failure to engage in a cooperative dialogue is denied.

The NYCHRL provides that

> [i]t shall be an unlawful discriminatory practice for an employer, labor organization or employment agency or an employee or agent thereof to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation or who the covered entity has notice may require such an accommodation

for, inter alia, "religious needs." N.Y.C. Admin. Code § 8-107(28)(a). A "cooperative dialogue" is defined as "the process by which a covered entity and a person entitled to an accommodation,

7

or who may be entitled to an accommodation under the law, engage in good faith in a written or oral dialogue concerning the person's accommodation needs; potential accommodations that may address the person's accommodation needs, including alternatives to a requested accommodation; and the difficulties that such potential accommodations may pose for the covered entity." N.Y.C. Admin. Code § 8-102.  Determining "that no reasonable accommodation would enable the person requesting an accommodation to satisfy the essential requisites of a job or enjoy the right or rights in question may only be made after the parties have engaged, or the covered entity has attempted to engage, in a cooperative dialogue."  N.Y.C. Admin. Code § 8-107(28)(e).

The City's process for deciding whether to grant accommodations to COVID-19 vaccination requirements for its employees generally has been held to satisfy the "cooperative dialogue" requirement.  See Goolsby v. City of New York, 229 N.Y.S.3d 131, 132 (1st Dep't 2025) (reasoning that "[t]he motion court properly dismissed plaintiff's claim for failure to engage in a cooperative dialogue under the New York City Human Rights Law," where the "[p]laintiff took full advantage of this process, requesting exemptions on multiple grounds, purs[u]ing an appeal from the denial of this request, and submitting additional documentation raising additional grounds for an exemption after determination of this appeal, all of which was considered by defendant," as "[t]his Court has held that defendant's process for reviewing accommodation requests related to the Covid-19 vaccination mandate was sufficient to satisfy the NYCHRL's cooperative dialogue requirement" (citations omitted)); Marsteller v. City of New York, 192 N.Y.S.3d 18, 20 (1st Dep't 2023) (reasoning that "the City publicly offered public information on its process for reviewing accommodation requests related to the vaccine mandate" and that the "[p]etitioner availed himself of this process, the NYPD explained why his application did not qualify for an accommodation, and the parties further engaged during the

8

administrative appeals process," with the City having to resolve thousands of requests for religious accommodations "under a constrained timeline during an evolving public health emergency").

Defendants' motion as to this claim is denied. Although Defendants' process for deciding reasonable accommodation requests may have generally comported with the NYCHRL's cooperative dialogue requirement, here, Plaintiff alleged that she received a "boilerplate" denial of her request from the FDNY that was "sent to many other FDNY employees who were also denied religious accommodations"; that her request for further information from the FDNY was unanswered; and that her administrative appeal of the denial was decided only with the statement, "[d]oes [n]ot [m]eet [c]riteria." ECF No. 1 ¶¶ 52, 57, 62-63. In view of these allegations, although the prescribed process for deciding reasonable accommodation requests may have complied with the NYCHRL's cooperative dialogue requirement, Plaintiff has alleged that, in her case, Defendants may not have complied with that process. Accordingly, Defendants' motion is denied.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion is granted as unopposed as to dismissal of all claims against the FDNY from this action and as to any claim for punitive damages, and denied as to all other aspects.

Dated: Brooklyn, New York
September 29, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

9